**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP; and Federal National Mortgage Association, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Madeira Canyon Homeowners Association; SFR Investments Pool 1, LLC; and Nevada Association Services, Inc.,<br><br>Defendants. | Case No. 2:16-cv-01053-RFB-DJA<br><br>**Order** |

Before the Court is Plaintiffs' motion for leave to file a response to SFR Investments Pool 1, LLC's motion for Federal Rule of Civil Procedure 56(d)(2) relief. (ECF No. 80). SFR filed a response. (ECF No. 81). And Plaintiffs filed a reply. (ECF No. 82).

On April 19, 2022, the Honorable District Judge Richard F. Boulware ordered the parties to brief any remaining live issues in the case after the Ninth Circuit had remanded the case for further proceedings. (ECF No. 77). Plaintiffs filed a brief. (ECF No. 79). SFR filed a motion—styled as a "request"—for FRCP 56(d)(2) relief, arguing that limited discovery is necessary for SFR to properly oppose any supplemental summary judgment briefing by Plaintiffs. (ECF No. 78 at 2). Plaintiffs move for leave to file a response to SFR's FRCP 56(d)(2) motion. (ECF No. 80).

Plaintiffs argue that, although they were ordered to file simultaneous briefs, SFR's motion requires a response because it moves for specific relief: to reopen discovery. (ECF No. 80 at 3). SFR responds that nothing in Judge Boulware's order provided that the parties could respond to the simultaneous briefs. (ECF No. 81). SFR adds that "there is no basis for this Court to grant Bank of America/Fannie Mae a response, while depriving SFR of the same opportunity." (*Id.*). Plaintiffs reply that SFR's motion is different than Plaintiffs' brief because SFR's motion seeks

new relief, while Plaintiffs' brief outlines items Plaintiffs already argued in their motion for summary judgment that remain post-remand. (ECF No. 82). They add that, SFR's request to also respond to Plaintiffs' brief was procedurally improper because SFR did not move to respond. (*Id.*).

SFR' request for FRCP 56(d)(2) relief is, procedurally, a motion. It requests relief in the form of a court order, to which Plaintiffs should be able to respond. *See* Fed. R. Civ. P. 7(b)(1) (explaining that a request for a court order must be made by motion); *see* LR 7-2(d) (explaining that the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion). Moreover, the relief SFR seeks is distinct from the type of briefing—outlining remaining live issues—that Judge Boulware ordered. Plaintiffs' brief, on the other hand, falls more in line with Judge Boulware's order. The brief outlines remaining live issues which Plaintiffs assert are already fully briefed. And SFR did not argue that Plaintiffs' brief contains new material or requests new relief not already briefed.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to respond to SFR's motion for FRCP 56(d)(2) relief (ECF No. 80) is **granted.** Plaintiffs' response will be due **August 15, 2022**. SFR's reply will be due **August 22, 2022**.

DATED: August 1, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE