UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.<br>*as Successor by Merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP*, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MADEIRA CANYON HOMEOWNERS ASSOCIATION, *et al.*<br><br>Defendants. | Case No. 2:16-cv-01053-RFB-DJA<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court are the parties' Post-Remand Briefing, following the Ninth Circuit's decision reversing the Court's earlier grant of summary judgment in SFR Investments Pool 1, LLC's ("SFR") favor (ECF No. 79). The Court construes this briefing as renewed cross motions for summary judgment between Plaintiffs Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae") and Defendant SFR.

For the foregoing reasons, Defendant SFR's motion is denied, and Plaintiffs' motion is granted.

## II.  PROCEDURAL BACKGROUND

On May 10, 2016, Plaintiffs BANA and Fannie Mae sue Defendants Madeira Canyon Homeowners Association ("the HOA"), SFR, and Nevada Association Services, Inc. ("NAS"). ECF No. 1. Plaintiffs seek declaratory relief that a nonjudicial foreclosure sale conducted in 2013 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's

interest in a Las Vegas property. Id.[1] To obtain the relief, Plaintiffs assert the following claims in the Complaint: (1) declaratory relief under 28 U.S.C. § 2201 against SFR; (2) quiet title against SFR; (3) breach of NRS 116.1113 as against the HOA and NAS; (4) wrongful foreclosure against the HOA and NAS; and (5) injunctive relief against SFR. Id. NAS answered the complaint on June 3, 2016. ECF No. 7. SFR filed its answer on July 2, 2019. ECF No. 38.

On June 24, 2019, Plaintiffs moved for summary judgment. ECF No. 36. The motion was fully briefed. ECF Nos. 46, 48. SFR also moved for summary judgment. ECF No. 44. That motion was also fully briefed. ECF Nos. 45, 49.

On November 12, 2019, the Court granted summary judgment in SFR's favor, concluding that "NRS 106.240 extinguished Plaintiffs' interest in the property prior the foreclosure sale" because "Fannie Mae's interest in the property extinguished on October 16, 2018, ten years after the default instrument was recorded." Bank of Am., N.A. v. Madeira Canyon Homeowners Ass'n ("BANA"), 423 F. Supp. 3d 1029, 1033 (D. Nev. 2019), rev'd and remanded sub nom. Bank of Am., NA v. SFR Invs. Pool 1, LLC ("BANA II"), 849 F. App'x 211 (9th Cir. 2021). The Court found that it was "undisputed that the borrower made no payment after 2008, [thus] any reinstatement provision of the deed of trust was not honored." Id. The Court rejected Plaintiff's argument "that the rescission recorded on November 5, 2010 served to rescind the acceleration." Id. It noted that "nowhere in the document [wa]s there any statement that the acceleration of the loan ha[d] been rescinded. Rather the notice merely state[d] that the beneficiary chose not to elect to sell at that time. The rescission notice [wa]s also careful to note that the rescission sh[ould] not be construed as curing any default or altering any rights, remedies or privileges secured to the beneficiary." The Court concluded that "more [wa]s required in order to show that deceleration of payment was intended." Id. Accordingly, the Court declared that "SFR acquired the property free and clear of Fannie Mae's interest, which was extinguished pursuant to NRS 106.240." Id.[2] Plaintiffs appealed. ECF No. 55.

---

[1] The real property is located at 2673 Rimbaud Street, Henderson, Nevada 89044.

[2] Although the Court declined to consider all other claims because it found its holding regrading NRS 106.240 to be decisive, it still considered but rejected Plaintiffs' equitable tolling argument.

On June 1, 2021, in light of an intervening Nevada Supreme Court unpublished decision, however, the Court of Appeals for Ninth Circuit reversed and remanded this Court's decision. See BANA, 849 F. App'x at 212 (citing Glass v. Select Portfolio Servs., Inc., 466 P.3d 939 (Nev. 2020) (unpublished)).³ The Court held three status conference hearings, following the Ninth Circuit's decision. See ECF Nos. 71, 75, 77. The parties filed Post-Remand Briefing. See ECF Nos. 79, 95, 96.

This Order follows.

### III.  FACTUAL BACKGROUND

The Court incorporates by reference the record and undisputed and disputed facts as discussed in BANA, 423 F. Supp. 3d at 1030-33. To the extent necessary, the Court draws from the record and these facts to address the instant motions for summary judgment.

### IV.  DISCUSSION

As a preliminary matter, the Court addresses the impact of BANA II on this Court's previous NRS 106.240 analysis. In accordance with the Ninth Circuit's holding there, the Court finds that NRS 106.240 is inapplicable in this action. At bottom, "NRS 106.240 provides a means by which liens on real property are automatically cleared from the public records after a certain period of time. In particular, NRS 106.240 provides that 10 years after the debt secured by the lien has become 'wholly due' and has remained unpaid, 'it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.'" SFR Invs. Pool 1, LLC, 507 P.3d at 195

---

³ In Glass, "the servicer recorded a notice of default and election to sell under a deed of trust." BANA, 849 F. App'x at 212. The servicer then "recorded a notice of rescission, which the court explained, 'effectively retracted the Notice of Default and restored the parties to the prior status they held before the Notice of Default was filed.'" Id. "[T]he servicer's rescission notice "clearly state[d] that it does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell.'" Id. "The court then concluded that 'by explicitly cancelling this Notice of Default, [the servicer] effectively cancelled the acceleration.'" Id. The Nevada Supreme Court thus concluded that NRS 106.240 was inapplicable. Id. The Ninth Circuit then analogized Glass to this instant matter, finding that the 2010 rescission notice statement that it "rescind[ed], cancel[led] and withd[rew] the Notice of Default and Election to Sell" had the effect of "not only to cancel the sale, but also to cancel the demand for full payment of the note." Id. Thus, the Ninth Circuit interpreted Glass as foreclosing the argument that a recission must explicitly show that deceleration of payment was intended. Accordingly, it held that "the 2010 rescission notice decelerated the demand for full payment of the loan, rendering NRS 106.240 inapplicable." Id. Last year, Glass's holding was affirmed in a published decision. See SFR Invs. Pool 1, LLC v. U.S. Bank N.A., 507 P.3d 194, 196 (Nev. 2022).

(quoting NRS 106.240). "[B]ecause a notice of rescission rescinds a previously recorded notice of default, the notice of rescission effectively cancel[s] the acceleration triggered by the notice of default, such that NRS 106.240's 10-year period [i]s reset." Id. at 196. Here, a notice of default and election to sell under deed of trust was recorded on October 16, 2008. On November 5, 2010, a rescission of election to declare default was recorded. Therefore, the 2010 notice of recession cancelled the acceleration triggered by the 2008 notice of default. Accordingly, 10 year period in NRS 106.240 does not apply in this action.

Separately, the Court rejects SFR's reliance on a July 5, 2013 "Notice of Intent to Accelerate" letter sent to the borrower to show that NRS 106.240 is triggered. This Notice by itself is insufficient to trigger NRS 106.240. Daisy Tr. v. Fed. Nat'l Mortg. Ass'n, No. 21-15595, 2022 WL 874634, at *2 (9th Cir. Mar. 24, 2022) (finding that NRS 106.240 generally is triggered with recording of notice of default). Second, even if this letter was appropriate to consider, NRS 106.240 is still not triggered because 10 years have not passed since the July 5, 2013 "Notice of Intent to Accelerate" letter was sent.

Next, the Court finds that the Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3), resolves this matter in favor of Plaintiffs. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the Federal Housing Finance Agency's ("FHFA") conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017).

Here, the HOA foreclosure sale occurred on May 10, 2013, when SFR purchased the property for $18,000. Indeed, Fannie Mae previously purchased the note and the deed of trust on or about December 1, 2006. While its interest was never recorded under its name, Fannie Mae

continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, which merged with BANA in 2011, serviced the note and was listed as the beneficiary of the deed of trust, on behalf of Fannie Mae, at the time of the foreclosure. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter. Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the HOA's 2013 foreclosure sale from extinguishing the deed of trust that Fannie Mae acquired in 2006.

### V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs Bank of America, N.A. and Federal National Mortgage Association's Motion for Summary Judgment (ECF No. 79) is GRANTED. The Court declares that the nonjudicial foreclosure sale conducted on May 10, 2013 did not extinguish the deed of trust first recorded on December 1, 2006, meaning SFR Investments Pool 1, LLC purchased the property subject to Fannie Mae's senior interest. The Clerk of the Court is therefore instructed to enter judgment in favor of Plaintiffs Bank of America, N.A. and Federal National Mortgage Association on the quiet title and declaratory relief claims.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment is DENIED.

**DATED:** March 31, 2023.

                                                                                     _____
                                                                                     **RICHARD F. BOULWARE, II**
                                                                                     **UNITED STATES DISTRICT JUDGE**